1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| RICK GULLOTTO, | Case No. 2:20-cv-02176-KJM-JDP |
|---|---|
| Plaintiff, | ORDER GRANTING STIPULATED MOTION AND PROTECTIVE ORDER |
| v. | |
| BANNER HEALTH, an Arizona Corporation; and DOES 1-25, | ECF No. 16 |
| Defendants. | |

1

Each Party and each Counsel of Record stipulate and jointly move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, applicable only to discovery during this litigation, to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, and, as grounds therefor, IT IS HEREBY ORDERED:

1. In this action, at least one of the Parties has sought, is seeking, or intends to disclose Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. Pursuant to Local Rule 141.1(c)(2), the Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. Pursuant to Local Rule 141.1(c)(3), the Parties have entered into this Stipulation and jointly move the Court to enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein. This Protective Order provides clear mechanisms for resolving disputes with the Court as opposed to a private agreement between or among the parties.

2. Pursuant to Local Rule 141.1(c)(1), "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing: private personnel information of any non-party employee or former employee of Defendant, Plaintiff's financial and medical information, information that pertains to patient identifying information or patient care information including statistics or other such information, or financial, business proprietary, or trade secret information of Defendant.

3. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

4. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

5. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request; and

    c. With respect to deposition testimony, by designating the testimony confidential either during the deposition or by giving written notice to opposing counsel designating such portions as "Confidential" no later than 10 calendar days after receipt of the transcribed testimony.

6. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

        i. attorneys actively working on this case;

        ii. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

        iii. the parties;

        iv. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

        v. the Court and its employees ("Court Personnel");

        vi. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

        vii. deponents, witnesses, or potential witnesses; and

        viii.    other persons by written agreement of the parties.

    b.    Any disclosure to an individual listed in sections iv, vii, or viii must not occur unless or until a declaration in the form of Exhibit A has been signed.

7.    Individuals authorized to review or receive Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information outside of the scope of this litigation, either verbally or in writing, to any other person, entity, or government agency, unless authorized to do so by court order.

8.    The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original declarations signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

9.    During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

10.    No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

11.    During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

12.    If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other Parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this Order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection,

and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

13. Use of Confidential Information in Court Proceedings: In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the Parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the Party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of the United States District Court, Eastern District of California Local Rule 141.1 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006) and *Times Mirror Co. v. U.S.,* 873 F.2d 1210 (9th Cir. 1989)).

14. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

15. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

16. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 6 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing Confidential Information has been destroyed.

17. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure,

or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

18. Any inadvertent disclosure or production of documents protected by the attorney-client or attorney work product privileges shall not constitute a waiver of any privilege by the disclosing Party. In the event that the receiving Party discovers the disclosure or production it shall bring the matter to the attention of the producing Party and return the document upon request. In the event that the discovery is made by the producing Party, it may request the receiving Party to return the document, which request shall be promptly honored. In either such instance the receiving Party shall not photocopy the document and shall destroy any copies made prior to the discovery of the disclosure. The inadvertent failure to designate material as "Confidential" does not preclude a Party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated. Any failure to designate information as "Confidential" that was the result of mistake or oversight will not be deemed a waiver and may be cured by providing written notice thereof to Counsel for the receiving party. Upon receipt of such notice, Counsel shall immediately take action to maintain and restrict the use of such information in accordance with the terms of this Stipulated Order.

19. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____   */s/ Natalia D. Asbill-Bearor* (as authorized on March 22, 2021)
Attorneys for Plaintiff Rick Gullotto
Natalia D. Asbill-Bearor
Robin K. Perkins

DATED: _____   */s/ Lindsay J. Fiore*
Attorneys for Defendant Banner Health
Stephanie J. Quincy
Lindsay J. Fiore
Yoon-Woo Nam

**ORDER**

The parties' stipulated motion for protective order, ECF No. 16, is granted. The protective order is hereby ordered as stipulated.

IT IS SO ORDERED.

Dated:   April 5, 2021                              _____
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**to**

**STIPULATION AND PROTECTIVE ORDER**

## **DECLARATION**

_____, swears or affirms and states under penalty of perjury:

I have read the Protective Order in *Gullotto v. Banner Health*, a copy of which is attached to this Declaration.

I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Declaration are Confidential Information as defined in the Protective Order.

I promise that I have not divulged and will not divulge or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

I will abide by the terms of the Protective Order.

(Signature)

Print Name:_____

Date: _____